**MUSICK, PEELER & GARRETT LLP**

333 South Hope Street, Suite 2900
Los Angeles, California 90071-3048
Telephone (213) 629-7600
Facsimile (213) 624-1376

Isis D. Miranda (State Bar No. 313855)
*i.miranda@musickpeeler.com*

Attorneys for Plaintiff
VHS LIQUIDATING TRUST, liquidating trust for Verity Health System of
California, Inc. (formerly known as Daughters of Charity Health System)

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re | Lead Case No. 2:18-bk-20151-BB[1] |
| VERITY HEALTH SYSTEM OF CALIFORNIA, INC., *et al*. | Chapter 11 Cases |
| Debtors and Debtors In Possession. | Adv. No.: _____ |
| | **ADVERSARY COMPLAINT FOR:** |
| VHS LIQUIDATING TRUST, liquidating trust for Verity Health System of California, Inc. (formerly known as Daughters of Charity Health System), | **(1) DECLARATORY JUDGMENT REGARDING DUTY TO DEFEND** |
| Plaintiff, | **(2) DECLARATORY JUDGMENT REGARDING DUTY TO INDEMNIFY** |
| v. | **(3) BREACH OF CONTRACT** |
| FEDERAL INSURANCE COMPANY, a New Jersey corporation, | **(4) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** |
| Defendant. | |

[1] Jointly administered with Case Nos. 2:18-bk-20162-ER; 2:18-bk-20163-BB; 2:18-bk-20164-BB; 2:18-bk-20165-BB; 2:18-bk-20167-BB; 2:18-bk-20168-BB; 2:18-bk-20169-BB; 2:18-bk-20171-BB; 2:18-bk-20172-BB; 2:18-bk-20173-BB; 2:18-bk-20175-BB; 2:18-bk-20176-BB; 2:18-bk-20178-BB; 2:18-bk-20179-BB; 2:18-bk-20180-BB; and 2:18-bk-20181-BB.

**MUSICK, PEELER & GARRETT LLP**

**ATTORNEYS AT LAW**

5224178.1

1

ADVERSARY COMPLAINT

VHS LIQUIDATING TRUST, liquidating trust for Verity Health System of California, Inc. (formerly known as Daughters of Charity Health System) (referred to herein as "Verity"), one of the debtors in the above-captioned Chapter 11 case, brings this adversary Complaint on behalf of its former directors and members of its Benefits Administration Committee to whom Verity may owe a duty to indemnify. In support of its Complaint against Federal Insurance Company ("Federal"), Verity alleges, upon information and belief, as follows:

## INTRODUCTION

1.    This is an insurance coverage action in which Verity seeks judicial declarations that Federal owes a duty to defend and indemnify the defendants in an action captioned *Rachel Oden v. Richard G. Adcock, et al.*, Adversary Case No. 2:26-ap-01044-BB, which was referred to this Court by the United States District Court, Central District of California, bearing Case No. 2:24-cv-07430-CV-RAO (the "*Oden* Action").[2]

2.    Federal wrongfully denied that it has a duty to defend or indemnify the defendants in the *Oden* Action on the basis that, *inter alia*, the *Oden* Action relates back to allegations made in a prior action captioned *Lynn Morris, et al. v. Daughters of Charity Health System, et al.*, United States District Court, Northern District of California, Case No. 14-cv-4681 (the "*Morris* Action").

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this adversary proceeding pursuant to Section 14.1(e) of the Modified Second Amended Joint Chapter 11 Plan of Liquidation (Dated July 2, 2020) of the Debtors, the Prepetition Secured Creditors, and the Committee (the "Bankruptcy Plan"), which provides as follows: "[T]he Bankruptcy Court shall retain jurisdiction over all matters arising in, arising under,

---

[2] A pending Motion to Dismiss the *Oden* Action is set to be heard on June 9, 2026, before this Court. *See* Adversary Case No. 2:26-ap-01044-BB, Doc. 5.

**MUSICK, PEELER & GARRETT LLP**

**ATTORNEYS AT LAW**

5224178.1

2

ADVERSARY COMPLAINT

or related to the Chapter 11 Cases. Without limiting the foregoing, the Bankruptcy Court shall retain jurisdiction to: . . . hear and determine matters relating to claims with respect to the Debtors' director and officer insurance." A copy of the Bankruptcy Plan (Doc. No. 5466 in the Lead Case, No. 2:18-bk-20151-BB) is attached as **Exhibit 1.**

4.     This Court also has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (O) (other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship). The insurance policy at issue is a significant asset of Verity's bankruptcy estate, and a determination of coverage rights directly affects the administration of the estate and the potential distribution to creditors.

5.     This Court has authority to enter a final judgment as this matter is a core proceeding. In the alternative, if this matter is determined to be a non-core, related-to proceeding, Verity consents to this Court hearing the matter and entering final orders and judgments pursuant to 28 U.S.C. § 157(c)(2).

6.     This action for declaratory relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Bankruptcy Procedure 7001(9).

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) because this adversary proceeding arises out of and is related to Verity's Chapter 11 case, which is pending in this Court.

## PARTIES

8.     VHS Liquidating Trust is the bankruptcy liquidator for Verity Health System of California, Inc., which was a nonprofit healthcare services organization existing under the laws of the State of California and with its principal place of business in California.

**MUSICK, PEELER & GARRETT LLP**

ATTORNEYS AT LAW

5224178.1

3

ADVERSARY COMPLAINT

9. Federal is a corporation organized and existing under the laws of the State of New Jersey and has its principal place of business in Indianapolis, Indiana.

## THE *MORRIS* ACTION

10. The Complaint in the *Morris* Action was filed on October 21, 2014, by Plaintiffs Lynn Morris, Caroline Plaza, Veronica Tench, Jacqueline Murray, Maidaflor Maybir, Jocelyn Manacmul, Donna Guitierrez, Eleanore De Dios, and Elenita Santos-Funai, on behalf of themselves and all others similarly situated, (collectively, the "Morris Plaintiffs") against Defendants Robert Issai, Stephanie Battles, Mike Stuart, Daughters of Charity Health System, Daughters of Charity Ministry Services Corporation, Daughters of Charity of St. Vincent de Paul, and DOES 1 through 20 (collectively, the "Morris Defendants"). The Morris Complaint is attached as **Exhibit 2.**

11. The Morris Complaint alleges:

- Plaintiffs were employees of hospitals owned by the Daughters of Charity Health System who were entitled to defined benefit pensions under the Daughter of Charity Health System Retirement Plan (the "Plan") and who were harmed by Defendants' mismanagement of the Plan. (Morris Complaint, ¶¶ 1-2.); and

- Defendants improperly classified the Plan as a "Church Plan" and in so doing violated the Employee Retirement Income Security Act ("ERISA"). (*Id*., ¶¶ 53-91.)

12. Based on these allegations, the Complaint asserts the following causes of action pursuant to the ERISA statute: (1) Declaratory and Equitable Relief (declaring that the Plan is not a Church Plan and directing the defendants to bring the Plan into compliance with ERISA); (2) Violation of Reporting and Disclosure Provisions (including failure to provide summary plan descriptions, annual reports, funding notices, pension benefit statements, etc.); (3) Failure to Provide Minimum Funding; (4) Failure to Establish the Plan Pursuant to a Written Instrument; (5)

Breach of Fiduciary Duty (failure to comply with ERISA requirements); and (6) Prohibited Transactions (use of money owed to the plan for general business purposes). (*Id.*, ¶¶ 107-167.)

## THE *ODEN* ACTION

13. The original Complaint in the *Oden* Action was filed on August 30, 2024, by Plaintiff Rachel Oden, on behalf of herself and all others similarly situated, (collectively, the "Oden Plaintiffs") against Defendants Verity Health System Benefits Administration Committee, Chris Carson, Peter Chadwick, and Steven C. Sharrer.

14. On January 31, 2025, a First Amended Complaint ("FAC") was filed on January 31, 2025, identifying the members of the Benefits Administration Committee and adding additional defendants. The FAC contains the following two groups of defendants: (1) the Verity Benefits Administration Committee Defendants, which include Richard G. Adcock, B. Joseph Badalian, Chris Carson, Peter Chadwick, Anita Chou, Ty Conner, Stephen Forney, Michael Katz, and David Sachs; and (2) Verity Director Defendants, which include: Ernest H. Agatstein, James Barber, Terry Belmont, Mitchell Creem, Jeffrey Flocken, Jack Krouskup, S. Christina Maggi, Charles Patton, James Pieri, Andrew Pines, and Christobel E. Selecky (collectively, the "Oden Defendants"). The Oden FAC is attached as **Exhibit 3.**

15. The Oden FAC alleges:

- Plaintiff Oden was the daughter of the late Loraine Oden, a former employee of St. Francis Medical Center and a participant in the Plan who was harmed by Defendants' failure to hold the fiduciaries who had mismanaged the Plan accountable for their actions. (Oden FAC, ¶¶ 4, 6, 8, etc.);

- The Plan was underfunded "since at least 2002" and mismanaged "every year since approximately 2010." (*Id.*, ¶¶ 58-59)

- The Plan was converted from a "Church Plan" to a secular plan governed by ERISA "in July of 2015," and "the Plan was amended and restated *at that time* so as to make it expressly subject to the requirements of ERISA[.]" (*Id.*, ¶¶ 77-79) (emphasis added).); and

- Defendants breached their fiduciary duties when they "took no action against the persons who had improperly operated the Plan as a church plan [and] left the Plan severely underfunded," including failing to file suit before the statute of limitations expired and failing to otherwise hold the Plan operators accountable for their actions. (*Id.*, ¶¶ 6, 8, etc.)

16.     Based on these allegations, the FAC asserts the following causes of action pursuant to the ERISA statute: (1) Breach of Fiduciary Duty (failure to file claims against former Plan fiduciaries); (2) Breach of the Duty to Monitor (failure to monitor the Plan trustees' conduct); and (3) Co-Fiduciary Liability (failure to file suit against former Plan fiduciaries). (*Id.*, ¶¶ 114-141.)

**THE FEDERAL POLICIES**

17.     Federal issued two policies, including: (1) Healthcare Portfolio policy no. 8209-2943 to Daughters of Charity of St. Vincent de Paul Province of the West with a policy period of July 1, 2014, to July 1, 2015, which provides Fiduciary Liability coverage with a $10 million limit per claim and Voluntary Settlement Program coverage ("DOCPW Policy"); and (2) Healthcare Portfolio policy no. 8224-0373 to Daughters of Charity Health System with a policy period of July 1, 2014 to July 1, 2015, which provides both Fiduciary Liability coverage with a $10 million limit of liability per claim and Crime coverage ("DOCHS Policy") (collectively the "Federal Policies").[3] The DOCHS Policy is attached as **Exhibit 4.**

---

[3] Despite repeated requests, Federal has not provided Verity with copies of the Federal Policies.

## FEDERAL'S COVERAGE DENIAL

18.     Federal denied any duty to defend or indemnify the Oden Defendants, contending, *inter alia*, that all of the wrongful acts were alleged to have taken place after the Federal Policies expired on July 1, 2015, thus ignoring the allegations pertaining to wrongful acts in, around, and before July 2015. Federal's January 10, 2025, coverage denial letter is attached as **Exhibit 5.**

19.     Federal further denied coverage on the basis that the Oden Defendants did not qualify as insureds under Endorsement 7, amending Section 15(b) [Acquisition By Another Organization], of the Federal Policies because, *inter alia*, Integrity Healthcare, LLC ("Integrity") "acquire[d] the right to control or direct the managerial decisions" of Verity. Federal's assertion, however, ignores the fact that the Verity board maintained the ultimate authority over Integrity pursuant to the Health System Management Agreement ("Management Agreement") between them. (Management Agreement, ¶¶ 1.4, 1.6, etc.). The Management Agreement is attached as **Exhibit 6.**

20.     Federal also reserved its right to deny coverage on the basis that the claims in the *Oden* Action relate back to the allegations in the *Morris* Action, thus ignoring: (1) the fact that the two actions were brought about a decade apart and involve distinct sets of defendants; and (2) the existence of new and distinct allegations in the *Oden* Action regarding the failure to prosecute the persons responsible for the alleged wrongdoing described in the *Morris* Action.

## FIRST CLAIM FOR RELIEF

### Declaratory Relief – Duty to Defend the *Oden* Action

21.     Verity re-alleges and incorporates herein by reference each and every allegation and statement set forth in the preceding Paragraphs 1 through 20, as though each was fully set forth herein.

22.     Federal contends that the Federal Policies do not afford coverage for the defense of the Oden Defendants in the *Oden* Action. Verity disputes Federal's assertion.

23.     An actual controversy exists between Verity and Federal, regarding the respective rights and obligations of the Oden Defendants under the Federal Policies in connection with the *Oden* Action. Verity requests a judicial declaration that Federal has a duty to defend the Oden Defendants and any other person or entity qualifying as an insured under the Federal Policies in the *Oden* Action. Such a judicial declaration is necessary and proper at this time so that the parties will be bound by the same interpretation of the Federal Policies and adjudication of their rights and obligations thereunder.

## SECOND CLAIM FOR RELIEF

### Declaratory Relief – Duty to Indemnify the *Oden* Action

24.     Verity re-alleges and incorporates herein by reference each and every allegation and statement set forth in the preceding Paragraphs 1 through 23, as though each was fully set forth herein.

25.     Federal contends that the Federal Policies do not afford coverage for the indemnity of the Oden Defendants in the *Oden* Action. Verity disputes Federal's assertion.

26.     An actual controversy exists between Verity and Federal, regarding the respective rights and obligations of the Oden Defendants under the Federal Policies in connection with the *Oden* Action. Verity requests a judicial declaration that Federal has a duty to indemnify the Oden Defendants and any other person or entity qualifying as an insured under the Federal Policies in the *Oden* Action. Such a judicial declaration is necessary and proper at this time so that the parties will be bound by the same interpretation of the Federal Policies and adjudication of their rights and obligations thereunder.

//

## <u>THIRD CLAIM FOR RELIEF</u>

### Breach of Contract

27. Verity re-alleges and incorporates herein by reference each and every allegation and statement set forth in the preceding Paragraphs 1 through 26, as though each was fully set forth herein.

28. The Federal Policies provide coverage for the Oden Defendants pertaining to the *Oden* Action.

29. The Oden Defendants complied with all requirements under the Federal Policies, including promptly tendering the *Oden* Action to Federal.

30. Federal breached the Federal Policies when it wrongfully refused to defend or indemnify the Oden Defendants for the *Oden* Action, failed to conduct a thorough, complete, or fair investigation of the claim, and ignored key evidence presented to Federal pertaining to the claim.

31. As a consequence of Federal's breach of the Federal Policies, Verity has sustained compensatory damages in a sum to be determined according to proof.

## <u>FOURTH CLAIM FOR RELIEF</u>

### Breach of the Implied Covenant of Good Faith and Fair Dealing

32. Verity re-alleges and incorporates herein by reference each and every allegation and statement set forth in the preceding Paragraphs 1 through 31, as though each was fully set forth herein.

33. Federal owes the Oden Defendants a duty of good faith and fair dealing pursuant to the Federal Policies.

34. Federal breached the duty of good faith and fair dealing owed to the Oden Defendants with respect to the *Oden* Action when Federal: (a) Elevated its interests above the interests of the Oden Defendants; (b) Failed to conduct a thorough, complete, or fair investigation of the claim; (c) Failed to evaluate the Oden Defendants' claim objectively, including ignoring key evidence pertaining to the claim; (d) Applied unduly restrictive and unreasonable interpretations of the

Federal Policies as an excuse for denying policy benefits to the Oden Defendants; (e) deliberately denied benefits that Federal knew were owed under the Federal Policies for the *Oden* Action; (f) Misrepresented facts and conclusions learned as a result of its inadequate investigation; and (g) unreasonably forced Verity to institute litigation to compel Federal to comply with its obligations under the Federal Policies.

35.   As a result of Federal's breach of its duty of good faith and fair dealing to the Oden Defendants, Verity has and will continue to incur substantial damages, including *Brandt* fees.

36.   Federal is guilty of oppression, fraud, and/or malice such that punitive damages are warranted under California Civil Code Section 3294.

37.   Verity is entitled to recover all damages proximately caused by or attributed to Federal's unreasonable conduct, the amount of which will be determined according to proof.

## **PRAYER FOR RELIEF**

WHEREFORE, Verity prays for judgment as follows:

1.   **First Claim:** For a declaration and judgment, binding on all parties to this action, that Federal has a duty under the Federal Policies to defend the Oden Defendants and any other person or entity qualifying as an insured under the Federal Policies in the *Oden* Action;

2.   **Second Claim:** For a declaration and judgment, binding on all parties to this action, that Federal has a duty under the Federal Policies to indemnify the Oden Defendants and any other person or entity qualifying as an insured under the Federal Policies in the *Oden* Action;

3.   **Third Claim:** For compensatory damages, including unreimbursed attorneys' fees, costs, and expenses, including interest thereon, incurred in defending the Oden Defendants in the *Oden* Action; and for such other or further relief as the Court deems just and proper;

4.    **Fourth Claim:** For compensatory damages, including *Brandt* fees, including interest thereon; punitive damages; and for such other and further relief as the Court may deem just and proper.

DATED: May 29, 2026                    MUSICK, PEELER & GARRETT LLP


By: */s/ Isis D. Miranda*
     Isis D. Miranda
     Attorneys for Plaintiff
     VHS LIQUIDATING TRUST, liquidating
     trust for Verity Health System of
     California, Inc. (formerly known as
     Daughters of Charity Health System)

**B1040 (FORM 1040) (12/24)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>VHS Liquidating Trust | DEFENDANTS<br>Federal Insurance Company |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Musick Peeler & Garrett, LLP<br>333 S. Hope Street, Suite 2900<br>Los Angeles, CA 90071 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>□ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    ☒ Other  Liquidating Trust for Debtor in Possession<br>□ Trustee | PARTY (Check One Box Only)<br>□ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    ☒ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

This is an insurance coverage action in which the liquidating trust for the debtor in possession seeks declaratory judgments (28 U.S.C. sections 2201 and 2202) providing that its insurance company must defend and indemnify it in an dversary action, as well as compensatory damages. The asserted causes of action include: (1) Declaratory Judgment Re Duty to Defend; (2) Declaratory Judgment Re Duty to Indemnify; (3) Breach of Contract; and (4) Breach of Implied Covenant of Good Faith and Fair Dealing.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand  $20,000,000 |

Other Relief Sought

**B1040 (FORM 1040) (12/24)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Verity Health System of California, Inc., et al. | BANKRUPTCY CASE NO.<br>2:18-bk-20151-BB | |
| DISTRICT IN WHICH CASE IS PENDING<br>California Central Bankruptcy Court | DIVISION OFFICE<br>Los Angeles Division | NAME OF JUDGE<br>Sheri Bluebond |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF<br>Rachel Oden | DEFENDANT<br>Richard G. Adcock, et al. | ADVERSARY PROCEEDING NO.<br>2:26-ap-01044-BB |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>California Central Bankruptcy Court | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Sheri Bluebond |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ Isis D. Miranda* | | |
| DATE<br>May 29, 2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Isis D. Miranda | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.